IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEREMY DEAR,**

    **Plaintiffs,**

v.                                        Case No. 1:21-cv-00250-KG-KK

**SARITA NAIR, TIM KELLER, and
CITY OF ALBUQUERQUE**

    **Defendants.**

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, Plaintiff Jeremy Dear, through undersigned counsel of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) and provide their Response to the Defendants' Motion to Dismiss.

### INTRODUCTION

The matter before this Court presents issues that go to the core of our need for a transparent and accountable republican form of government as well as protected First Amendment activities. Defendants' actions to engage in a vindictive prosecution and abuse of the judicial system is based on Plaintiff's protected petitioning of the government through litigation for the enforcement of the Inspection of Public Records Act. Defendant's actions are malicious and baseless as they were taken in intentional retaliation in violation of the First Amendment, and this present Motion before the Court is yet another example of the Defendants' efforts to retaliate against the Plaintiff for exercising his First Amendment Rights.

### APPLICABLE LAW

1

Defendants seek dismissal of Plaintiff's Complaint per Rule 12(b)(6). A "party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.).

The sufficiency of a complaint is a question of law. On a facial attack, such as in the present instance, a plaintiff enjoys Rule 12(b)(6) safeguards. *See Ruiz v. McDonnell*, 299 F.3d at 1180; *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981). Consequently, when considering such motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.")(emphasis added); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable To the plaintiff.

Veritably, a complaint need not set forth detailed factual allegations. While a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient (*Ashcroft v. Iqbal*, 556 U.S. at 678 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);)), a pleading that contains factual allegations

2

"sufficient enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (*Bell Atl. Corp. v. Twombly*, 550 U.S. at 555) is sufficiently pled. Thus, to survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Quite simply, the complainant need only give the court reason to believe that the particular plaintiff has a reasonable likelihood of mustering factual support for his claims. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis omitted).

## STANDARD FOR QUALIFIED IMMUNITY

The Tenth Circuit has stated "plausibility" refers to the scope of allegations in a complaint. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief, i.e. the plaintiff must have "nudged their claims across the line from conceivable to plausible." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

To overcome a qualified immunity assertion, a plaintiff must demonstrate: (i) that the defendant's actions violated his or her constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged misconduct. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009); *Camuglia v. City of Albuquerque*, 375 F. Supp. 2d 1299, 1303 (D.N.M.

2005) aff'd sub nom. *Camuglia v. The City of Albuquerque*, 448 F.3d 1214 (10th Cir. 2006). In evaluating whether the right was clearly established, a district court considers whether the right was sufficiently clear that a reasonable government employee in the defendant's shoes would understand that what he or she did violated that clear right. *Kvech v. New Mexico Dep't of Pub. Safety*, 987 F. Supp. 2d 1162, 1192 (D.N.M. 2013), citing *Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir.2007). It is not necessary to find a controlling decision declaring the "very action in question . . . unlawful" to establish a clearly defined constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *A.M. ex rel. Youngers,* No. CIV 13-0692 JB/WPL, 2015 WL 3540161, at *38; Holland ex rel. *Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir.2001) (alteration in original)(quoting *Saucier v. Katz*, 533 U.S. at 202, 121 S.Ct. 2151).

**A. Defendants Violated Plaintiff's Rights and are not Entitled to Qualified Immunity**

With regard to First Amendment retaliation by a government actor it is clear that "[w]ithin certain limits not applicable in this case, citizens have a clearly established right to engage in protests and other free-speech activities without fear of government reprisals. It is 'settled that as a general matter, the First Amendment prohibits government officials from subjecting an individual *1113 to retaliatory actions, including criminal prosecutions, for speaking out.'" *Mata v. Anderson*, 760 F. Supp. 2d 1068, 1112–13 (D.N.M. 2009), *citing Hartman v. Moore,* 547 U.S. at 256, 126 S.Ct. 1695 (citation omitted). First Amendment retaliation claims are analyzed

4

according to the standard set forth in *Worrell v. Henry,* 219 F.3d 1197 (10th Cir. 2000). This standard requires proof of the following elements:

> (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."

*Id.* at 1212. (quoting *Lackey v. Cty. of Bernalillo*, No. 97-2265, 1999 WL 2461, at *3 (10th Cir. Jan. 5, 1999) (unpublished)). "Under the qualified immunity framework discussed above, the Court must examine 'first, whether plaintiff has established a constitutional violation under the three-part *Worrell* standard and, second, whether the law was clearly established such that a reasonable [officer] would have understood that what he or she was doing amounted to a violation of [Plaintiff's] constitutional rights.'" *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1198 (D. Kan. 2018).

Defendants' argument against this Court finding that law is clearly established is devoid of merit. It becomes offensive to say that initiating a counterclaim for the express purpose of retaliating and to discriminate to punish a citizen exercising their First Amendment right to petition for redress is acceptable because the citizen is a thorn in the side of *his* government. We understand from the United States Supreme Court that:

> Official reprisal for protected speech "offends the Constitution [because] it threatens to inhibit exercise of the protected right," *Crawford–El v. Britton,* 523 U.S. 574, 588, n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out, *id.,* at 592, 118 S.Ct. 1584; see also *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (noting that the government may not punish a person or deprive him of a benefit on the basis of his "constitutionally protected speech"). Some official actions adverse to such a speaker might well be

> unexceptionable if taken on other grounds, but when nonretaliatory grounds are in fact insufficient to provoke the adverse consequences, **we have held that retaliation is subject to recovery as the but-for cause of official action offending the Constitution.** See *Crawford–El, supra,* at 593, 118 S.Ct. 1584; *Mt. Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 274, 283–284, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (adverse action against government employee cannot be taken if it is in response to the employee's "exercise of constitutionally protected First Amendment freedoms

*Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 1701, 164 L. Ed. 2d 441 (2006)(emphasis added.)

Moreover, the Defendants' Motion refuses to even consider the Tenth Circuit's direction that "if the misuse of the legal procedure is egregious there may be a deprivation of constitutional dimensions for which a plaintiff can invoke § 1983." *Lusby v. T.G. & Y. Stores,* 749 F.2d 1423, 1431 (10th Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985). Such view was reiterated in *Anthony v. Baker,* 767 F.2d 657, 662–63 (10th Cir.1985). The refusal to acknowledge the offensive nature of a vindictive prosecution causes the Defendants' here to attempt to lead this Court astray to ignore the guidance of *Poole v. County of Otero,* 271 F.3d 955 (10th Cir. 2001), wherein the Tenth Circuit addressed a claim for violation of a First Amendment right:

> A claim for vindictive prosecution ordinarily arises when, during the course of criminal proceedings, a Plaintiff exercises constitutional or statutory rights and the government seeks to punish him therefor by instituting additional or more severe charges, see, e.g., *United States v. Wall,* 37 F.3d 1443, 1448 (10th Cir. 1994). In this context, such a claim is governed by a two-part test, see *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997). Nonetheless, we recognize that this court has not limited the term to the criminal prosecution setting, but has characterized First Amendment claims similar to Mr. Poole's as "vindictive prosecution." See *Wolford v. Lasater,* 78 F.3d 484, 488 (10th Cir. 1996) (comparing a First Amendment claim to a "vindictive prosecution action"); *Gehl Group*, 63 F.3d at 1534 (stating that a First Amendment claim alleging retaliatory prosecution "is essentially one of vindictive prosecution"); *United States v. P.H.E., Inc*., 965 F.2d 848, 853 (10th Cir. 1992) (discussing vindictive prosecution claim in terms of prosecution motivated by "the

> improper purpose of interfering with the Appellee's constitutionally protected speech"); cf. *Phelps v. Hamilton*, 59 F.3d 1058, 1065 n.12 (10th Cir. 1995) (stating that prosecution brought for the purpose of hindering an exercise of constitutional rights may constitute "harassing and/or bad faith prosecution")."

*Poole v. County of Otero,* 271 F.3d 955, fn. 5 (10th Cir. 2001) (emphasis added).

In *Wolford*, the Tenth Circuit examined whether an appellant's constitutional rights were violated by the government's prosecution of her, where she alleged the government's action was motivated in part to retaliate against her for exercising her First Amendment rights. The Court commented "[i]n the context of a government prosecution, the decision to prosecute which is motivated by a desire to discourage protected speech or expression violates the First Amendment and is actionable under § 1983." *Wolford v. Lasater,* 78 F.3d 484, 488 (10th Cir. 1996). The Court reasoned that a central question to be addressed in such an action was "whether retaliation for the exercise of First Amendment rights was the 'cause' of the prosecution and the accompanying injuries to plaintiff." *Id.*; *citing Rakovich v. Wade*, 850 F.2d 1180, 1189 (7th Cir. 1988)). Likewise, in *Gehl Group v. Koby*, 63 F.3d 1528 (10th Cir. 1995), a controversy the Court characterized as a vindictive prosecution case brought in retaliation against the plaintiffs' exercise of their First Amendment rights, 63 F.3d at 1534, the Tenth Circuit noted that "the ultimate inquiry is whether as a practical matter there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for the hostility or punitive animus towards the Appellee because he exercised his specific legal rights." *Id*. at n.6. The Court framed the § 1983 claim for First Amendment rights violations under the tort of "vindictive prosecution." *Id. "*These cases make clear that a governmental lawsuit brought with the intent to retaliate against a citizen for the exercise of his First Amendment rights is of itself a separate violation that provides grounds for a § 1983 suit." *Beedle v. Wilson*, *Ibid*. at 1066.

The doctrine of qualified immunity protects government officials from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan,* 555 U.S. 223, 231, 192 S. Ct. 808, 172 L.Ed2d 565 (2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396(1982)). When a defendant asserts qualified immunity, the plaintiff must demonstrate: (i) that the defendant's actions violated him or his constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged misconduct. *See Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009).

Recently in *Aldaba v. Pickens*, 844 F.3d 870, (10th Cir. 2016), the Tenth Circuit reviewed standards for assessing the clearly established law prong of a qualified immunity defense. The Court repeated earlier directions that such inquiry is fact specific: "the Court again emphasized that '[t]he dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Aldaba v. Pickens*, 844 F.3d at 872 (10th Cir. 2016), *referencing Ashcroft v. al–Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). The Court further emphasized that "[t]his inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition'" and further highlighted that "this area is one in which the result depends very much on the facts of each case." *Aldaba v. Pickens*, 844 F.3d at 873 (emphasis added). Thus, the Court must look specifically to the circumstances of a case, and the appellate court will review "the facts that the district court relied upon." See *Anderson*, 483 U.S. at 640–41, 107 S.Ct. 3034; *Aldaba v. Pickens*, 844 F.3d at 873 (10th Cir. 2016).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 136 S.Ct. at 308 (quoting *Reichle v. Howards*, 566 U.S. 658, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012)). Plaintiffs can overcome a qualified-immunity defense without a favorable case directly on point,"

8

*(Id.)* consideration of the clearly defined prong is fact-sensitive. Plaintiff does not need to identify case law with a government actor retaliating in the same exact fashion of a vindictive prosecution acting under the same circumstances, contrary to Defendants' vehement assertions. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Beyond a doubt Plaintiff enjoyed a First Amendment right to petition his government free from retaliation regardless of the excuse that the Court should affording them qualified immunity under some irrelevant theory that the Plaintiff is bad guy and thorn in their side.

## CONCLUSION

For all the foregoing reasons, the Plaintiff request this Court deny the Defendants Motion to Dismiss.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

By: */s/ A. Blair Dunn*
    A. Blair Dunn, Esq.
    Jared R. Vander Dussen, Esq.
    400 Gold Ave. SW, Suite 1000
    Albuquerque, NM 87102
    Telephone:  (505) 750-3060
    Facsimile:   (505) 226-8500
    Email: abdunn@ablairdunn-esq.com
          warba.llp.Jared@gmail.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 5, 2021, a true and correct copy of the foregoing was filed electronically pursuant to the CM/ECF procedure for the District of New Mexico, and caused counsel of record to be served by electronic means.

                                                      */s/ A. Blair Dunn*