IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    Plaintiffs,

v.                                            Case No. 1:21-cv-00250-KG-KK

SARITA NAIR, TIM KELLER, and
CITY OF ALBUQUERQUE

    Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR TEMPORARY RESTRAINGING ORDER AND PRELIMINARY INJUNCTON**

COMES NOW, Plaintiff Jeremy Dear, through undersigned counsel of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) and provide their Reply as direct by the Court in ECF Doc. No. 10.

**RESPONSE TO THE COURT'S REQUEST**

The Court inquired as the authority relied on that the injunction against the state court is congressionally authorized as required under 28 U.S.C Section 2283, to which Plaintiff responds that the injunction sought is congressionally authorized under 42 U.S.C. Section 1983 to prevent the continued violation of Plaintiff's constitutionally protected fundamental liberty. Section 1983, provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law,* **suit in equity***, or other proper proceeding for redress* 42

1

U.S.C.A. § 1983 (emphasis added)  The Supreme Court has provided clear direction regarding enjoining state courts that:

> As illustrated above, there is little support in the common law for a rule of judicial immunity that prevents injunctive relief against a judge. There is even less support for a conclusion that Congress intended to limit the injunctive relief available under § 1983 in a way that would prevent federal injunctive relief against a state judge. In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Court found no indication of affirmative congressional intent to insulate judges from the reach of the remedy Congress provided in § 1983. The Court simply declined to impute to Congress the intent to abrogate common-law principles of judicial immunity. Absent the presumption of immunity on which Pierson was based, nothing in the legislative history of § 1983 or in this Court's subsequent interpretations of that statute supports a conclusion that Congress intended to insulate judges from prospective collateral injunctive relief.

*Pulliam v. Allen*, 466 U.S. 522, 540, 104 S. Ct. 1970, 1980, 80 L. Ed. 2d 565 (1984)

### REPLY TO DEFENDANTS' RESPONSE

Defendants at least acknowledge that the Supreme Court has directed that suits seeking to enjoin state courts under Section 1983 are not barred by the anti-injunction statute, however, they continue on to rely on *Younger* abstention and cases relying on that abstention to erroneously assert that *Younger* bars federal courts from issuing injunctive relief against a defendant on a case that defendants have removed to federal court.  However, "it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action. Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S. Ct. 2506, 2518, 105 L. Ed. 2d 298 (1989) Moreover, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. U. S.*, 424

U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). "The typical *Colorado River* case arises when two different lawsuits have been filed, one in state court and the other in federal court that allege the same basic facts and seek the same basic relief." *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 920 (D. Ariz. 2013) Here, because this case has now been removed by the Defendants they cannot argue that a stay is proper because "[a] district court may not stay ... the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St. & Co.,* 656 F.3d at 981. Thus, even though "there is some overlap in the issues that the state court will consider in [Dear's] [IPRA case] and this federal action. Both actions will address whether the [counterclaim was properly initiated.] Nevertheless, [Dear] also brings a First Amendment [retaliation] claim that is not a part of his state court action. Resolution of his [IPRA case] will not resolve the First Amendment claim [removed here by Defendants] []. Doubt therefore exists as to the ability of the administrative appeal [IPRA case] to address all of the claims that [Dear] seeks to bring in this action and to provide the relief he seeks." *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 922 (D. Ariz. 2013). Moreover, *Younger* is inapplicable to a removed case like the one here because none of the three exceptional circumstances are met. As reiterated by the Supreme Court stating:

> Circumstances fitting within the *Younger* doctrine, we have stressed, are "exceptional"; they include, as catalogued in *NOPSI*, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.,* at 367–368, 109 S.Ct. 2506. Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)).

*Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013). Here, neither of the underlying state cases involve either a criminal prosecution or a civil enforcement by the defendants. Defendants in this proceeding have acted under the color of law to initiate a common-law cause of action against a private citizen which is plainly not a criminal or civil enforcement action. Nor does this Court's exercise of jurisdiction involve an order that is *uniquely* in furtherance of the state courts' ability to perform judicial functions because there is nothing unique at all about the proceedings in state court such as a civil contempt order, *see Juidice v. Vail,* 430 U.S. 327, 336, n. 12, 97 S.Ct. 1211, 1217, n. 12, 51 L.Ed.2d 376 (1977), or requirement for the posting of bond pending appeal, *see Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 13, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1987).

*Younger* abstention, in an instance where the defendants have availed themselves of the federal forum in order to avoid the state court remedy of an injunction, is applicable. If the Defendants' had desired a stay of the second case pending the first then they should have availed themselves of the procedures in state court to do so. They did not, and it is inappropriate to now misuse a removal to federal court to avoid responsibility for constitutional violations. Such a sentiment flies in the face of the very purpose of Section 1983.

## CONCLUSION

For all the foregoing reasons, the Plaintiff request this grant the Motion to Dismiss and issue the injunctions sought.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

By: */s/ A. Blair Dunn*
 A. Blair Dunn, Esq.
 Jared R. Vander Dussen, Esq.
 400 Gold Ave. SW, Suite 1000
 Albuquerque, NM 87102
 Telephone:  (505) 750-3060
 Facsimile:   (505) 226-8500
 Email: abdunn@ablairdunn-esq.com
   warba.llp.Jared@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on April 5, 2021, a true and correct copy of the foregoing was filed electronically pursuant to the CM/ECF procedure for the District of New Mexico, and caused counsel of record to be served by electronic means.

 */s/ A. Blair Dunn*