IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    Plaintiff,

vs.                                                                          No. CV 21-250 KG/KK

SARITA NAIR, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Dear contends that Defendants City of Albuquerque, Mayor Tim Keller, and Chief Administrative Officer Sarita Nair retaliated against him for exercising his First Amendment right to petition the court for redress of grievances. (Doc. 1-2) at 1-3. In pertinent part, Mr. Dear claims that Defendants filed a counterclaim against him in a state-court proceeding and demanded "harassing [and] frivolous discovery in furtherance of their vindictive prosecution." *Id.* at 4. As a result, Mr. Dear filed the instant case, requesting that this Court enjoin Defendants from pursuing their counterclaim in state court, and order them to cease their "oppressive" discovery requests in the parallel litigation. *Id.* at 3-4.

Presently before the Court is Mr. Dear's Opposed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6). After ordering expedited briefing, the Motion is now ripe for disposition. *See* (Doc. 11, Response, Doc. 14, Reply). The Court notes jurisdiction under 28 U.S.C. § 1331. After review of the parties' briefing and the relevant law, the Court denies Mr. Dear's request for injunctive relief (Doc. 6).

*I.     Background*

On November 18, 2019, Mr. Dear filed an Inspection of Public Records Act (IPRA) request with the City of Albuquerque.  (Doc. 1-2) at 2.  Approximately one month later, Mr. Dear's IPRA request was denied.  *Id.*  After receiving notice of this denial, Mr. Dear contacted his attorney, Thomas Grover.  *Id.* at 2-3.  Believing that the denial of Mr. Dear's IPRA request was erroneous, Mr. Grover initiated a lawsuit on Mr. Dear's behalf in state district court.  *Id.* at 3; *see also* (Doc. 11-3) at 1 (state-court docket sheet).

In response to Mr. Dear's state-court complaint, Defendants filed a counterclaim alleging malicious abuse of process.  *Id.* at 3.  Thereafter, the parties engaged in discovery and motions practice, litigating the viability of their claims for relief.  *See, e.g.*, (Doc. 11-1) (Mr. Dear's motion for summary judgment); (Doc. 11-2) (Defendants' receipt for service of interrogatories); (Doc. 11-3) (state-court docket sheet).  Deeming Defendants' state-court counterclaim and discovery requests "harassing" and "frivolous," Mr. Dear initiated the present lawsuit, alleging "vindictive prosecution or malicious abuse of process … municipal and supervisory liability … [and requesting a] preliminary and permanent injunction."  (Doc. 1-2) at 4-7.

Defendants removed the case to this Court, and Mr. Dear filed his present Temporary Restraining Order promptly thereafter.  (Doc. 1-1); (Doc. 6).  In his current Motion seeking injunctive relief, Mr. Dear claims that Defendants' state-court counterclaim was filed to "retaliate" against him for exercising his "First Amendment right to petition his government."  (Doc. 6) at 2.  In addition, Mr. Dear asserts that Defendants continue to use the state-court "discovery [process] to harass and intimidate" him "in furtherance of their vindicative prosecution."  *Id.* at 4.  As a result, Mr. Dear requests that this Court enter an Order staying the state-court proceedings until this case is resolved.  *Id.* at 7.

## II.     Standard

To prevail on a preliminary injunction, a plaintiff must show that:  "(1) it has a substantial likelihood of prevailing on the merits; (2) it will suffer irreparable injury if it is denied the injunction; (3) its threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996).  It is the movant's burden to "establish that each of these factors tips in his or her favor."  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  If the moving party satisfies elements two, three, and four, "the movant may satisfy requirement [one] by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."  *Fed. Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999) (abrogated on substantive due process grounds by *Onyx Prop., LLC v. Board of Cnty. Comms. of Elbert Cnty.*, 838 F.3d 1039, 1043 n.3 (10th Cir. 2016)).

Given the "extraordinary remedy" granted by a court's issuance of a preliminary injunction, "the [movant's] right to relief must be clear and unequivocal."  *Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997).  Furthermore, "courts 'disfavor' some preliminary injunctions and so require more of the parties who request them."  *Free the Nipple–Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (citation omitted).  "Disfavored preliminary injunctions don't merely preserve the parties' relative positions pending trial."  *Id.*  Rather, "a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a

trial win." *Id.* "To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: [it] must make a strong showing that these tilt in [its] favor." *Id.* (quotations omitted).

    III.    *Discussion*

As a preliminary matter, Mr. Dear requests that the Court consider his claim for relief under the "typical" injunction standard, rather than the heightened standard afforded to "disfavored" injunctions. (Doc. 6) at 6. However, regardless of whether the "heightened standard" attaches to Mr. Dear's claim for injunctive relief, he has failed to satisfy the lower threshold for "typical" preliminary-injunction questions. *See Free the Nipple-Fort Collins*, 916 F.3d at 797 (distinguishing between "typical" preliminary injunction standard and "heightened standard" for "disfavored" injunctive requests). As a result, the Court declines to consider whether the requested injunction falls within one or more of the "disfavored" categories. *Accord Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (declining "to reach the question of whether the heightened standard for disfavored preliminary injunctions applies [because] even assuming *arguendo* that the heightened standard applies, the Plaintiffs[] meet that standard"). Simply stated, Mr. Dear's request for a preliminary injunction cannot survive under the lesser standard of relief and, thus, likewise fails under the heightened one.

    A.  *Likelihood of Success on the Merits*

Next, the Court considers the likelihood that Mr. Dear's claims will succeed on the merits. Under this first prong, "[a]lthough '[t]he courts use a bewildering variety of formulations of the need for showing some likelihood of success,' … '[a]ll courts agree that plaintiff must present a *prima facie* case but need not show a certainty of winning.'" *Coal. of Concerned Citizens to Make Art Smart v. Fed. Transit Admin. of U.S. Dep't of Trans.*, 843 F.3d 886, 901

(10th Cir. 2016) (citation omitted). Therefore, at this stage, "the burden is upon the one requesting such relief to make a *prima facie* case showing a reasonable probability that he will ultimately be entitled to the relief sought." *Automated Marketing Sys., Inc. v. Martin*, 467 F.2d 1181, 1183 (10th Cir. 1972) (quoting *Crowther v. Seaborg*, 415 F.2d 437 (10th Cir. 1969), defining "necessary showing to obtain a preliminary injunction"); *see also Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 781 (10th Cir. 1964) (same).

In his Complaint, Mr. Dear asserts that Defendants violated his First Amendment right to petition the court based on their conduct in the parallel state-court lawsuit. (Doc. 1-2) at 3-4. Specifically, Mr. Dear alleges that Defendants' discovery requests and counterclaim were maliciously filed to chill his access to the courts. *See* (Doc. 6) at 3. Based on these filings, Mr. Dear requests that this Court enjoin the state court from proceeding with the ongoing lawsuit until it resolves the question of whether Defendants' conduct is violative of the First Amendment. *See id.* at 7-8.

The Court first reviews Mr. Dear's allegation that Defendants' discovery requests were so "oppressive" that they evidenced a "misuse of the discovery [process]." (Doc. 1-2) at 5. In the state-court case, Defendants initially served fifteen interrogatories and fifteen requests for production. (Doc. 1-2) at 17-21, 24-27. The requests for production include, *inter alia*, requests for medical bills related to injuries sustained from the conduct alleged in Mr. Dear's complaint and a copy of the investigations he previously referenced. *Id.* at 24-27. Similarly, the interrogatories include requests for the "name and address of each and every expert witness [] retained in this case," the injuries and damages Mr. Dear alleges, and a list of "all lawsuits or threatened lawsuits [he has] brought or [has] threatened to bring" against Defendants. *See id.* at 17-21.

5

After service of these initial discovery requests, Defendants propounded an additional five interrogatories and one request for production. *Id.* at 40-42, 44. The second set of interrogatories requested additional information relating to the parties' prior exchange of discovery and motions, such as, further detail pertaining to the exhibits attached to Mr. Dear's motion for summary judgment. *Id.* at 40-42. Similarly, Defendants' second request for production of documents included copies of materials that Mr. Dear referenced in one of his prior interrogatories. *Id.* at 44.

In total, Defendants served 20 interrogatories and 16 requests for production. *Id.* at 17-21, 24-27, 40-42, 44. There is no reasonable basis to assert that the volume of requests or the nature of the content requested constitutes an abuse of the judicial process. *See Mata v. Anderson*, 685 F.Supp. 2d 1223, 1254 (D.N.M. 2010) (explaining that to prevail on malicious abuse of process claim under New Mexico law, plaintiff must show "act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim"). Rather, these requests are within the amount ordinarily permitted in federal practice and solicit disclosure of information that directly pertains to the lawsuit Mr. Dear initiated. *See, e.g.*, Fed. R. Civ. P. 33(a)(1) (permitting service of 25 interrogatories); Fed. R. Civ. P. 34 (outlining scope of requests for production). As a result, there is no indication that Defendants utilized the discovery process in the state-court proceeding to chill Mr. Dear's First Amendment rights or inhibit his access to the courts.

Next, the Court addresses the merits of Mr. Dear's assertion that Defendants abused the judicial process by filing a counterclaim in the state-court litigation. In their pleadings, Defendants provide colorable evidence to support their counterclaim for malicious abuse of process. Specifically, Defendants explain that Mr. Dear has filed nine lawsuits that are currently

6

pending in state court, not including the lawsuit presently before this Court.  (Doc. 3-1) at 1.  At a minimum, this evidence suggests that Mr. Dear continues to file lawsuits against Defendants, despite several cases already pending, including two currently awaiting appellate review.  *See id.* (listing cases filed by Mr. Dear currently pending against Defendants).  Thus, this Court is strained to accept that Defendants' counterclaim for malicious abuse of process was frivolously filed.

In arguing to the contrary, Mr. Dear asserts that Defendants' malicious abuse of process counterclaim is, by its very nature, a punitive response to his prior litigation efforts.  *See* (Doc. 6) at 4-5 (citing Defendants' email explaining that they intended to request sanctions if Mr. Dear continued to file lawsuits).  However, not every judicial action instituted by a city or state official is an affront to a citizen's constitutional rights.  *See Norton v. Liddel*, 620 F.2d 1375, 1378 (10th Cir. 1980) (explaining that "it is perfectly clear that not every injury in which a state official has played some part is actionable").  Plainly stated, the Court is unpersuaded that Defendants filing of a counterclaim in response to litigation initiated against it abridges Mr. Dear's First Amendment freedoms, absent other evidence in support.  A contrary holding would find that the City runs afoul of the First Amendment every time it zealously defends a case brought by a disgruntled citizen.  This Court declines to adopt such a position.

In summary, Mr. Dear's claim for malicious abuse of process is unlikely to succeed on the merits.  Principally, he has not demonstrated that Defendants' use of discovery in the state-court proceeding was anything beyond the ordinary, or that their counterclaim was filed with frivolous intent. Instead, Defendants' conduct is well supported by the record and withstands judicial review.  As a result, Mr. Dear's claims do not satisfy the first required showing to support a preliminary award of injunctive relief.

### B. *Risk of Irreparable Harm & Balancing of Public Interest*

Notwithstanding the Court's conclusion that Mr. Dear is unlikely to succeed on the merits, the Court next turns to whether he will suffer irreparable harm if injunctive relief is denied. *See Fed. Lands Legal Consortium ex rel. Robart Estate*, 195 F.3d at 1195 (explaining that if movant can satisfy second element, he may satisfy first element "by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation"). A plaintiff's "showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (citation omitted). In fact, "[t]he purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Id.* (citation omitted).

"To show a threat of irreparable harm, a plaintiff must demonstrate 'a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages.'" *Fish*, 840 F.3d at 751 (citation omitted). Also, irreparable harm "occurs if 'the district court cannot remedy [the injury] following a final determination on the merits.'" *Id.* (citation omitted). The Tenth Circuit has "held that irreparable harm 'does not readily lend itself to definition,' … and is 'not an easy burden to fulfill' …." *Id.* at 751-52 (citations omitted). However, ordinarily, "economic loss is [] insufficient to constitute irreparable harm." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011).

Here, Mr. Dear filed a motion for summary judgment in the state-court lawsuit, requesting judgment in his favor on Defendants' counterclaim for malicious abuse of process. (Doc. 11-1) at 6. In addition, Mr. Dear filed a motion for protective order in state court and a

8

response to Defendants' motion to compel. (Doc. 11-3) at 1-2. The state district judge, the Honorable Lisa Chavez Ortega, is scheduled to hear argument on all three motions on April 22, 2021. *Id.* at 2.

If Judge Ortega grants Mr. Dear's pending motions, he will achieve all the relief that he presently requests before this Court: dismissal of Defendants' counterclaim and withdrawal of their discovery requests. Thus, there is no evidence that this Court's denial of Mr. Dear's request for a preliminary injunction will threaten to leave him without an appropriate avenue for recourse. On the contrary, the evidence illustrates that the state court is better suited to grant Mr. Dear the relief that he currently seeks. Indeed, Judge Ortega is the assigned judge on two of the other lawsuits currently pending in state court involving Mr. Dear and Defendants. (Doc. 3-1) at 1. Therefore, she is likely more familiar with the parties' lengthy litigation history and better poised to resolve their current dispute.

The state-court record also indicates that Mr. Dear's requests for a hearing are being appropriately considered and granted, thus, affording him an avenue to present argument and have his claims heard before an impartial tribunal. *See* (Doc. 11-3) at 1-2. Moreover, the Court notes the date of the hearing scheduled before Judge Ortega, April 22, 2021, indicating that Mr. Dear will not suffer a prejudicial delay before his claims are adjudicated. *Id.* at 2. In short, Mr. Dear has not demonstrated that he will suffer irreparable harm without an Order from this Court, when Judge Ortega has plainly exhibited that she is quickly and competently handling his requests for relief.

Dovetailing with this conclusion, the Court finds that the public interest is best served by avoiding duplication of judgments. Principally, an Order from this Court enjoining Judge Ortega from proceeding risks duplicity of effort and confusion, given that the state court is currently

scheduled to issue judgment on Mr. Dear's requested claims for relief.  *See* (Doc. 11-3) at 2 (setting motion hearing, pretrial conference, and trial to adjudicate Mr. Dear's claims).  It is, therefore, within the interest of judicial economy and deference to the court already postured to hear these claims to withhold judgment on Mr. Dear's requested relief.

In summary, there is no indication that Mr. Dear cannot achieve the relief he requests before the state court, where his claims are being litigated.  Indeed, seeking recourse through the state court, where the disputed case is filed, is the best use of judicial resources and the most efficient manner for Mr. Dear to achieve relief.[1]  For these reasons, the Court concludes that Mr. Dear has not demonstrated that he will suffer irreparable harm if his present Motion is denied, or that the public interest is best served by enjoining the state court from proceeding.

IV. *Conclusion*

In conclusion, the Court finds that Mr. Dear's claims are unlikely to succeed on the merits.  In addition, Mr. Dear has not demonstrated that he is likely to suffer irreparable harm if injunctive relief is denied, or that the public interest is best served by granting his Motion.  Failing to satisfy these factors, Mr. Dear's Temporary Restraining Order (Doc. 6) is properly denied.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

1. The Court is mindful of its continuing jurisdictional duty to hear claims properly presented before it, while balancing its obligation to abstain from rendering decisions when such relief is more appropriately awarded by the state court.  *See* 28 U.S.C. § 2283 (statutory foundation for *Younger* abstention doctrine).  Thus, without deciding the appropriate scope of review, the Court concludes Mr. Dear fails to demonstrate that he will suffer irreparable harm for purposes of the preliminary injunction standard, because he does not allege that any relief provided by the state court is insufficient to remedy his alleged injury.