IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    **Plaintiff,**

v.                                             1:21-cv-250 KG-KK

SARITA NAIR, TIM KELLER,
and CITY OF ALBUQUERQUE,

    **Defendant.**

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants Sarita Nair, Tim Keller and City of Albuquerque, by and through their counsel, Jonlyn M. Martinez, Law Office of Jonlyn M. Martinez, LLC, and hereby reply to the Plaintiff's Response to Defendant's Motion to Dismiss (hereafter "Plaintiff's Response" [Document No. 12].

### REPLY TO INTRODUCTION

In his Introduction, the Plaintiff makes an impassioned argument concerning his alleged protected First Amendment activities. However, the Plaintiff fails to address the fact that by filing the current action, he himself demonstrated that his ability to petition the Court has not been abridged. Absent a showing that his rights have been violated, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### POINTS AND AUTHORITIES

A complaint will only survive dismissal under Rule 12(b)(6) if it contains more than a "formulaic recitation of the elements of a cause of action." ***London v. Beaty***, 612 F. App'x 910, 914 (10th Cir. 2015), quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555, 127 S. Ct. 1955,

1

1964 (2007). Where a complaint fails to meet the *Twombly* standard because the allegations therein are wholly conclusory and the complaint contains nothing more than a recitation of the elements of a cause of action, it is subject to dismissal. In the present case, the Plaintiff has no well-pled factual allegations which establish a constitutional violation. As stated above, the fact that Plaintiff filed the current action established his ability to petition the Court. Therefore, the Plaintiff cannot establish that the Defendant's conduct has violated his rights in this regard. Absent a showing that his rights have been violated, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**A. The Individually Named Defendants Are Entitled to Qualified Immunity**.

On March 29, 2021, the Tenth Circuit decided *Frasier v. Evans*, No. 19-1015, 2021 U.S. App. LEXIS 9076 (10th Cir. Mar. 29, 2021), a case in which the Court addressed qualified immunity in the context of a claim brought under the First Amendment. The facts in *Frasier* are as follows: After Frasier video-recorded Denver police officers using force while arresting an uncooperative suspect in public, one of the officers followed Mr. Frasier to his car and asked him to provide a statement on what he had seen and to turn over his video of the arrest. *Id*. Frasier ultimately showed the officer the tablet computer on which he had video-recorded the incident after an officer and four other members of the Denver Police Department surrounded him and allegedly pressured him to comply with their demand to turn over the video. *Id*. Frasier claimed that when he showed an officer the tablet computer, the officer grabbed it from his hands and searched it for the video without his consent. *Id*. Therefore, he sued the five officers under 42 U.S.C. § 1983, claiming they violated and conspired to violate his constitutional rights under both the First and Fourth Amendments. *Id*. The officers moved the district court for summary judgment on qualified-immunity grounds, and the court granted them qualified immunity on

some of Mr. Frasier's claims but denied it to them on others. *Id*. The Tenth Circuit reversed the denial of qualified immunity. *Id*. In its holding the Tenth Circuit stated:

> "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, _ U.S. _, 139 S. Ct. 500, 503, 202 L. Ed. 2d 455 (2019) (per curiam) (quoting *Kisela v. Hughes*, 584 U.S. _, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018) (per curiam)); *accord Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that *every* 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (alterations in original) (emphasis added) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)); *accord Dist. of Columbia v. Wesby*, _ U.S. _, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018); *Cox*, 971 F.3d at 1171; *see also Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (per curiam) ("Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.").
>
> Ordinarily, "[t]o make such a showing [of clearly established law] in our circuit, 'the plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Cox*, 971 F.3d at 1171 (quoting *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1027 (10th Cir. 2015)); *accord Singh v. Cordle*, 936 F.3d 1022, 1033-34 (10th Cir. 2019). Typically, the precedent must have clearly established the right "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (per curiam) (quoting *Brosseau*, 543 U.S. at 198); *accord Cox*, 971 F.3d at 1171; *see also White v. Pauly*, _ U.S. _, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (noting that the Supreme Court has repeatedly highlighted "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality'" (quoting *al-Kidd*, 563 U.S. at 742)).
>
> That said, "[w]e do not require a case directly on point, but existing precedent [nonetheless] must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741; *see Anderson*, 483 U.S. at 640 ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." (citations omitted)).

> In this regard, the Supreme Court has reminded us recently that under certain "extreme circumstances" general constitutional principles established in the caselaw may give reasonable government officials fair warning that their conduct is constitutionally or statutorily unlawful. *See Taylor v. Riojas*, __ U.S. __, 141 S. Ct. 52, 53, 208 L. Ed. 2d 164 (2020) (per curiam) (citing *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)).

*Frasier v. Evans*, No. 19-1015, 2021 U.S. App. LEXIS 9076, at *19-21 (10th Cir. Mar. 29, 2021). Based on the foregoing, the Tenth Circuit determined that if the officers did not violate Mr. Frasier's clearly established First Amendment rights, they were entitled to qualified immunity. The same analysis applies herein. In the present case, the individually named Defendants did not engage in any conduct that violated the Plaintiff's clearly established First Amendment rights and are similarly entitled to qualified immunity.

In support of his argument, the Plaintiff cites to *Aldaba v. Pickens*, 844 F.3d 870 (10th Cir. 2016), for the appropriate qualified immunity standard. Of course, this decision was made after an appeal in which the United States Supreme Court granted a petition for writ of certiorari, vacated the judgment and remanded the case to the United States Court of Appeals for the Tenth Circuit for further consideration in light of *Mullenix v. Luna*, 577 U.S. __, 136 S. Ct. 305, 193 L. Ed. 2d 255, 2015 U.S. LEXIS 7160 (2015) (*per curiam*). *Pickens v. Aldaba*, 577 U.S. 972, 136 S. Ct. 479 (2015). Thus, in *Aldaba* the Tenth Circuit granted qualified immunity because the officers did not violate clearly established law.

The Plaintiff argues that the Defendants violated his rights and are therefore, not entitled to qualified immunity. *See Plaintiff's Response*, at p. 4 [Document No. 12]. However, the Plaintiff failed to cite to a single case in which it was determined that the filing of a counterclaim constituted first amendment retaliation. The Plaintiff cites *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1198 (D. Kan. 2018), for the proposition that the Court must examine 'first, whether plaintiff has established a constitutional violation and, second, whether the law was clearly

4

established such that a reasonable officer would have understood that what he or she was doing amounted to a violation of Plaintiff's constitutional rights. *See Plaintiff's Response*, at p. 5 [Document No. 12]. The Plaintiff cannot meet the standard he articulated. First, the Plaintiff's First Amendment rights were not violated. The Plaintiff has no right to bring a civil action without a counterclaim being filed. The Plaintiff initiated the action, he simply does not like the Defendant's response to it. Next, as set forth above, the Plaintiff cannot establish that his right to be free of a counterclaim was clearly established at the time the City of Albuquerque filed its counterclaim.

An additional basis exists upon which to dismiss the Plaintiff's claims in this matter, the Defendants did not violate the Plaintiff's First Amendment rights. The Plaintiff must establish that his First Amendment right was abridged by the Defendant. Based on the filing of the current action, the Plaintiff has demonstrated this his right to petition the Court was not curtailed in any fashion. The Plaintiff has demonstrated himself that his First Amendment Rights were not violated because this single action was not enough to chill the actions of persons of ordinary firmness. *Eaton v. Meneley*, 379 F.3d 949, 955-56 (10th Cir. 2004). The Plaintiff similarly fails to address this argument in his Response.

Next, the Plaintiff cites *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 1701, 164 L. Ed. 2d 441 (2006). However, the Court in *Hartman* determined that the plaintiff had provided insufficient facts to establish an improper prosecution. In addition, *Hartman* reverses another case cited by Plaintiff, *Poole v. County of Otero*, 271 F.3d 955, (10th Cir. 2001). Thus, the United States Supreme Court now requires a showing of the absence of probable cause as an element of a plaintiff's case that must be pleaded and proven. *Hartman*, 547 U.S. at 265-66. Yet, the Defendant in the present case did not initiate criminal charges against the Plaintiff, nor did

5

they independently bring a civil action against the Plaintiff. The Defendant City of Albuquerque filed a counterclaim in response to a lawsuit brought by the Plaintiff. Thus, the Plaintiff cannot establish that the filing of this counterclaim is an act by the Defendants committed under color of law.

**B. The Defendants Took No Action Under Color of Law**.

Title 42 section 1983 "provides individuals with a federal remedy for the deprivation of rights, privileges, or immunities protected by the Constitution or the laws of the United States that are committed under color of state law." ***Brown v. City of Huntsville, Ala.***, 608 F.3d 724, 733 n.12 (11th Cir. 2010) (citation omitted); *see* 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a [Section] 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ***West v. Atkins***, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (internal quotation marks omitted). Under such circumstances, it can be said that the defendant's alleged constitutional violation is "fairly attributable to the state." *Id*. (quotation marks omitted). In the present case, the Defendants undertook no action made possible because they were clothed with the authority of the state. The Plaintiff failed to address this argument in any manner in his Response. Therefore, because the Defendants did not act under color of law and the Plaintiff's claims are barred by the express terms of 42 U.S.C. § 1983 and case law interpreting that Act.

Not every judicial action instituted by a city or state official is an affront to a citizen's constitutional rights. ***See Norton v. Liddel***, 620 F.2d 1375, 1378 (10th Cir. 1980) (explaining that "it is perfectly clear that not every injury in which a state official has played some part is actionable"). That is precisely the situation herein. The Defendants have taken no action against

the Plaintiff under color of law and have not violated his rights. Further, the individually named Defendants are entitled to qualified immunity in this matter. This Court entered an order denying the Plaintiff's claim seeking injunctive relief. ***See Memorandum Opinion and Order***, filed April 16, 2021 [Document No. 18]. Thus, the Plaintiff's claim for injunctive relief must be dismissed.

## CONCLUSION

For all the foregoing reasons, the Defendants request that this Court dismiss the Plaintiff's Complaint against them with prejudice.

Respectfully Submitted:

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
Attorney for Defendants
P.O. Box 1805
Albuquerque, NM 87103-1805
P: (505) 247-9488
jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing
was served via CM/ECF on
April 19, 2021, to all counsel of record:

*/s/ Jonlyn M. Martinez*