**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JEREMY DEAR,

    Plaintiff,

vs.                                                      Civ. No. 21-0250 KG/KK

SARITA NAIR, TIM KELLER,
and CITY OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Defendants Sarita Nair, Tim Keller, and City of Albuquerque (collectively, Defendants) moved to dismiss this civil rights case in its entirety on the basis that Plaintiff Jeremy Dear's "Complaint Pursuant to 42 U.S.C. § 1983 for Damages from First Amendment Retaliation and for *Monell* Liability; for Injunction Preventing Additional Retaliation and Harassment through Discovery" (Complaint) (Doc. 1-2) fails to state a claim upon which relief can be granted, and because Nair and Keller (the Individual Defendants) are entitled to qualified immunity (Motion). (Doc. 3). The Motion is fully and timely briefed. (*See* Docs. 12 (Response) and 19 (Reply)). Having considered the Motion, the accompanying briefing, the controlling law, and for the following reasons, the Court grants the Motion and dismisses this case with prejudice.

*I.*     *Background*

On November 18, 2019, Mr. Dear, a former police officer with the Albuquerque Police Department, filed an Inspection of Public Records Act (IPRA) request with the City of Albuquerque, "seeking records relating to Mr. Dear's alleged failure to follow an order to record citizen encounters and his alleged insubordination." (Doc. 1-2) at 2. Approximately one month later, the IPRA request was denied. *Id.* After receiving notice of this denial, Mr. Dear contacted

his attorney, Thomas Grover. *Id.* at 2-3. Believing that the denial of Mr. Dear's IPRA request was erroneous, Mr. Grover initiated a lawsuit on Mr. Dear's behalf in state district court. *Id.* at 3.

In response to Mr. Dear's state-court complaint, Defendants filed a counterclaim alleging malicious abuse of process. *Id.* at 3. Thereafter, the parties engaged in discovery and motions practice, litigating the viability of their claims for relief. *See, e.g.*, (Doc. 1-2) at 17-27 (City of Albuquerque discovery requests sent to Mr. Dear in the state court case); (Doc. 1-2) at 28-36 (City of Albuquerque Motion for Summary Judgment in state court case); (Doc. 11-3) (state-court docket sheet).[1] Deeming the City's state-court counterclaim and discovery requests "harassing" and "frivolous," Mr. Dear initiated the present lawsuit, alleging "vindictive prosecution or malicious abuse of process . . . municipal and supervisory liability . . . [and requesting a] preliminary and permanent injunction." (Doc. 1-2) at 4-7.

Defendants removed the case to this Court and filed the instant Motion. Mr. Dear then filed a "*Verified* Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 6), which this Court denied by Memorandum Opinion and Order on April 16, 2021 (Doc. 18).

Defendants seek dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), of all claims against them because: 1) New Mexico has not waived sovereign immunity for these types of claims brought under New Mexico law; 2) Mr. Dear's rights have not been violated; 3) the Defendants did not act under color of law, as required for a claim under 42

---

[1] The Court takes judicial notice of the state court docket sheet (Doc. 11-3) for *Dear v. City of Albuquerque*, D-202-CV-2020-04023, Second Judicial District Court, Bernalillo County. *See Binford v. United States*, 436 F.3d 1252, 1256 n. 7 (10th Cir. 2006) (acknowledging district "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

U.S.C. § 1983; and 4) the Individual Defendants are entitled to qualified immunity. (Doc. 3). To the extent Mr. Dear's request for a permanent injunction remains live, Defendants ask the Court to reject or deny the same.

The Court notes jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint sets forth a "civil action[] arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

*II.    Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court does not "weigh potential evidence that the parties might present at trial, but [assesses] whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *VDARE Found. v. City of Colorado Springs*, --- F.4th ---, 2021 WL 3716401, at *3 (10th Cir. Aug. 23, 2021) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A plaintiff must allege sufficient facts to 'nudge[] [his] claims . . . across the line from conceivable to plausible.'" *VDARE Found.*, --- F.4th ---, 2021 WL 3716401, at *3 (alterations in original) (quoting *Iqbal*, 556 U.S. at 680).

In conducting the Rule 12(b)(6) analysis, courts "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at *3

(quoting *Iqbal*, 556 U.S. at 679). "When there are well-pleaded factual allegations" remaining, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. While "'[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context,' the court need not accept 'conclusory allegations without supporting factual averments.'" *VDARE Found.*, --- F.4th ---, 2021 WL 3716401, at *3 (alteration in original) (internal citations omitted). "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).[2]

### III.   Discussion

A claim brought under Section 1983 requires: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *VDARE Found.*, --- F.4th ---, 2021 WL 3716401, at *5 (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)). A complaint that fails to adequately allege either element necessarily fails to state a claim upon which relief can be granted.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Schaffer*, 814 F.3d at 1156 (quoting same). "Whether a defendant acts under color of state law is a legal determination to be made by the court." *O'Connor v. Williams*, 640 Fed.

---

[2] Because the Court finds that the Complaint fails to allege action "under color of state law," and concludes that amendment on this point would be futile, the Court need not address additional arguments.

4

Appx. 747, 750-51 (10th Cir. 2016) (citing *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1270-71 (10th Cir. 1989)).

Defendant Tim Keller is the Mayor of the City of Albuquerque. Defendant Sarita Nair is the Chief Administrative Office of the City of Albuquerque. Mr. Dear alleges that the Individual Defendants acted "under color of law" in directing counsel for the City of Albuquerque to file a counterclaim for malicious abuse of process against Mr. Dear in an underlying state court proceeding. What Mr. Dear neither alleges nor addresses in his briefing, however, is how the filing of a permissive counterclaim for a common law tort—a common occurrence in civil litigation—is "made possible only because the [Individual Defendants are] clothed with the authority of state law." *West*, 487 U.S. at 49.

With respect to how any of the Defendants acted "under color of state law," the Complaint alleges only that Defendant Nair, supervised by Defendant Keller, authorized or directed attorneys for the City of Albuquerque to file a counterclaim and pursue discovery against Mr. Dear in an underlying state court case. (Doc. 1-2) at ¶¶ 8-9.[3] Mr. Dear did not address the "under color of state law" argument in his Response to the Motion.

While "[s]tate employment is generally sufficient to render the defendant a state actor," *West*, 487 U.S. at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n.18 (1982)), "the fact that a[n alleged] tort was committed by an individual employed by state does not, ipso facto, warrant attributing all of the employee's actions to the state," *Schaffer*, 814 F.3d at 1156 (quoting *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995)). The "plaintiff has the burden to establish a real connection between a defendant's actionable conduct and [their] badge of state authority."

---

[3] To the extent Mr. Dear characterizes the counterclaim and discovery requests as "frivolous" or "retaliatory," these are legal conclusions that the Court need not blindly accept as true for purposes of motion to dismiss. *VDARE Found.*, --- F.4th ---, 2021 WL 3716401, at *17.

*O'Connor*, 640 Fed. Appx. at 751 (citing *Jojola*, 55 F.3d at 494). The question of whether a defendant acted "under color of state law" turns on whether the defendant "used [his or] her authority—authority made possible only because of [his or] her [public] office—to do something an ordinary citizen can't do." *Id.*

New Mexico law allows civil defendants and others to "state as a counterclaim any claim . . . against any opposing party," whether or not it arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim." N.M.R.A. Rule 1-013(A), (B). The ability to state a counterclaim does not turn on whether the counterclaimant is a government or private actor.

The tort of malicious abuse of process, which forms the basis of the counterclaim filed against Mr. Dear in the underlying litigation, finds its genesis in New Mexico common law. *See Nelson v. Hill*, 30 N.M. 288 (1924) (recognizing malicious prosecution as malicious abuse of process as early as 1924); *see also* NMRA Civ. UJIs 13-1636 –1640A. The parties have not presented, and the Court is not aware of, any authority limiting the ability to bring a counterclaim or a claim for malicious abuse of process to governmental entities.

The ability to bring a counterclaim for malicious abuse of process is not "something an ordinary citizen can't do." *O'Connor*, 640 Fed. Appx. at 751. As such, the Court determines Mr. Dear failed to allege that any defendant acted "under color of law." Moreover, amending the complaint on this point would be futile because no set of facts will convert a counterclaim for malicious abuse of process into something an ordinary citizen cannot do. *Id.*; *Brereton*, 434 F.3d at 1219. This failure is fatal to Mr. Dear's claim.

Even if this case implicated state action, which it does not, Mr. Dear further failed to adequately allege that his First Amendment rights were violated. Mr. Dear characterizes his

6

claim as one for vindictive prosecution. (*See* Doc. 12) at 6 (citing *Poole v. County of Otero*, 271 F.3d 955 (10th Cir. 2001)). In his thorough treatment of the standard for alleging a First Amendment claim based on vindictive prosecution, Mr. Dear does not address or acknowledge that his cited cases uniformly deal with allegedly vindictive *criminal* prosecutions. Indeed, in *Lusby v. T.G. & Y. Stores*, the sentence immediately following Mr. Dear's citation reads: "We believe that when private parties or public officials use *criminal complaints* to coerce a release of civil liability from injured persons, this action, as a malicious prosecution, is egregious . . . ." 749 F.2d 1423, 1431 (10th Cir. 1984). Indeed, he points the Court to no authority suggesting that a standard tort claim brought as a counterclaim could constitute a "vindictive prosecution."

This case involves neither criminal complaints nor a criminal prosecution. It does not even involve a civil enforcement action that could only be brought by a government actor. Instead, this case involves a counterclaim for a common law tort—a matter frequently brought by all manner of civil defendants in all manner of standard civil litigation.

As such, Mr. Dear cannot show that his First Amendment rights have been violated or impinged by the filing of the counterclaim. This, too, is fatal to his Section 1983 claim.

Because this case does not implicate state action within the meaning of Section 1983, does not adequately allege a constitutional violation, and because the complained of counterclaim constitutes nothing more than standard civil practice, the Court concludes that any form of injunctive relief would be inappropriate.

IV.    Conclusion

For the reasons stated herein, the Court determines that Mr. Dear failed to allege action "under color of state law" and failed to allege a constitutional violation, and would be unable to

do so even if granted leave to amend, and therefore failed to state a claim for relief under 42 U.S.C. § 1983. As such, the Defendants' Motion is well-taken.

IT IS, THEREFORE, ORDERED THAT

1. Defendants' Motion to Dismiss (Doc. 3) is granted; and

2. Plaintiff's complaint against Defendants is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE