# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    Plaintiff,

vs.                                                                                        Civ. No. 21-0250 KG/KK

SARITA NAIR, TIM KELLER,
and CITY OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On remand from the Tenth Circuit (Doc. 29-1), Defendants Sarita Nair and Tim Keller renewed their Motion to Dismiss based on qualified immunity. (Doc. 33). The Motion is fully and timely briefed. (Docs. 34 (Response) and 35 (Reply)). Having considered the Order, the Motion, the accompanying briefing, the controlling law, and for the following reasons, the Court denies the Motion.

    I.    *Background*

On November 18, 2019, Mr. Dear, a former police officer with the Albuquerque Police Department, filed an Inspection of Public Records Act (IPRA) request with the City of Albuquerque, "seeking records relating to Mr. Dear's alleged failure to follow an order to record citizen encounters and his alleged insubordination." (Doc. 1-2) at 2. Approximately one month later, the IPRA request was denied. *Id.* After receiving notice of this denial, Mr. Dear contacted his attorney, Thomas Grover. *Id.* at 2-3. Believing that the denial of Mr. Dear's IPRA request was erroneous, Mr. Grover initiated a lawsuit on Mr. Dear's behalf in state district court. *Id.* at 3.

In response to Mr. Dear's state-court complaint, Defendants filed a counterclaim alleging malicious abuse of process. *Id.* at 3. Thereafter, the parties engaged in discovery and motions practice, litigating the viability of their claims for relief. *See, e.g.*, (Doc. 1-2) at 17-27 (City of Albuquerque discovery requests sent to Mr. Dear in the state court case); (Doc. 1-2) at 28-36 (City of Albuquerque Motion for Summary Judgment in state court case); (Doc. 11-3) (state-court docket sheet).[1] Deeming the City's state-court counterclaim and discovery requests "harassing" and "frivolous," Mr. Dear initiated the present lawsuit, alleging "vindictive prosecution or malicious abuse of process . . . municipal and supervisory liability . . . [and requesting a] preliminary and permanent injunction." (Doc. 1-2) at 4-7.

Defendants removed the case to this Court and filed the instant Motion. Mr. Dear then filed a "*Verified* Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 6), which this Court denied by Memorandum Opinion and Order on April 16, 2021 (Doc. 18).

Defendants seek dismissal with prejudice against the individual defendants, based on qualified immunity. (Doc. 33) (incorporating Doc. 3).

II. *Discussion*

A claim brought under Section 1983 requires: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *VDARE Found.*, 11 F.4th 1151, 1160 (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)). The

---

[1] The Court takes judicial notice of the state court docket sheet (Doc. 11-3) for *Dear v. City of Albuquerque*, D-202-CV-2020-04023, Second Judicial District Court, Bernalillo County. *See Binford v. United States*, 436 F.3d 1252, 1256 n. 7 (10th Cir. 2006) (acknowledging district "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

2

Tenth Circuit found that the Complaint adequately alleged action under color of law by the individual defendants. *Dear v. Nair*, 2022 WL 2165927, at *2 (10th Cir. 2022), (Doc. 29-1).

When a defendant raises qualified immunity at the motion to dismiss stage, courts engage in a two-part analysis. *Frey v. Town of Jackson, Wyo.*, 41 F.4th 1223, 1232 (10th Cir. 2022). Courts decide "(1) whether the plaintiff plausibly alleged a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the alleged violation." *Id.* (citing *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)). As in all motions to dismiss, the Court takes "Plaintiff's well-pleaded facts as true, view[s] them in the light most favorable to him, and draw[s] all reasonable inferences from the facts in his favor." *Id.*

To state a First Amendment retaliation claim, a plaintiff must allege:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Dear*, 2022 WL 2165927, at *3 (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The Circuit further found that Dear adequately alleged a First Amendment violation based on vindictive prosecution. *Id.* at *4–5 ("Being exposed to claims for monetary damages would chill a person of ordinary firmness from exercising their right to petition the government.").

The question now before this Court is whether Dear's asserted right was clearly established at the time of the alleged violation. The Court concludes that it was. Ordinarily, to make a showing of clearly established law, "the plaintiff must point to a Supreme Court or Tenth Circuit decision on point[.]" *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir.) (quoting *Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020)).

In this case, the Circuit cited *Shero* and *Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005), to support the proposition that a governmental entity's decision to bring a civil malicious abuse of process claim could violate the First Amendment. *Dear*, 2022 WL 2165927, at *3–5. These published Tenth Circuit cases predate the malicious abuse of process counterclaim filed against Dear in the underlying state case. Therefore, the law was clearly established

III. *Conclusion*

Based on the Tenth Circuit's Order of Remand, and for the reasons discussed above, the Court denies the individual defendants' Motion to Dismiss on the Basis of Qualified Immunity (Doc. 33).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE