IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEREMY DEAR,**

    **Plaintiff,**

v.                                                                   **21-cv-250 KG-KK**

**SARITA NAIR, TIM KELLER,
and CITY OF ALBUQUERQUE,**

    **Defendants.**

**ORDER ADOPTING JOINT STATUS REPORT AND
PROVISIONAL DISCOVERY PLAN WITH CHANGES AND
<u>SETTING CASE MANAGEMENT DEADLINES</u>**

THIS MATTER came before the Court at a Telephonic Rule 16 Initial Scheduling Conference held on December 2, 2022. Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan (Doc. 40), filed November 16, 2022, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of 25 Interrogatories by each party to any other party;

    b)    Maximum of 25 Requests for Production by each party to any other party;

    c)    Maximum of 25 Requests for Admission by each party to any other party;

    d)    Maximum of 8 depositions by each side; and,

    e)    Depositions are limited to 7 hours for parties and experts, and 4 hours for all other witnesses, unless extended by agreement of the parties.

The following case management deadlines have been set:

    a)    Deadline for Plaintiff to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2):                    December 30, 2022

| | | |
|---|---|---|
| b) | Deadline for Defendants to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2): | January 30, 2023 |
| c) | Plaintiff's Rule 26(a)(2) expert disclosures:[1] | March 31, 2023 |
| d) | Defendants' Rule 26(a)(2) expert disclosures:[1] | May 1, 2023 |
| e) | Termination date for discovery:[2] | June 9, 2023 |
| f) | Motions relating to discovery to be filed by:[3] | June 29, 2023 |
| g) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by:[4] | July 10, 2023 |

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires. The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) within twenty-one (21) days of learning any disclosure or response is incomplete or incorrect. After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

---

[1] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] Discovery must be <u>completed</u> on or before this deadline.

[3] This deadline should not be construed to extend the twenty-one-day time limit in D.N.M.LR-Civ. 26.6.

[4] In addition to dispositive motions, this deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE