IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    Plaintiff,

v.                                                                                                                                Civ. No. 21-250 KG/KK

SARITA NAIR, *et al.*,

    Defendants.

### ORDER STAYING DISCOVERY

THIS MATTER comes before the Court on Defendants' opposed Motion to Stay Proceedings Pending Outcome of Defendants' Motion for Summary Judgment (Doc. 66) ("Motion to Stay"), filed June 29, 2023. Defendants have also filed a Motion for Summary Judgment Based in Part on Qualified Immunity (Doc. 64) ("Motion for Summary Judgment"), and Plaintiff opposes the Motion to Stay on the ground that he needs discovery to respond to the summary judgment motion (Doc. 69). Defendants' Motion for Summary Judgment and Plaintiff's request for limited discovery under Federal Rule of Civil Procedure 56(d) are pending resolution. For the reasons stated below, the Court will grant the Motion to Stay subject to further order of the Court on Plaintiff's request for limited discovery under Federal Rule of Civil Procedure 56(d).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' The privilege is 'an immunity from suit rather than a mere defense to liability[.]'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991). Hence, the doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has stressed that qualified immunity

questions should be resolved early to "ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, n.2 (1987)) (quotation marks and brackets omitted). Thus, when a defendant asserts the defense of qualified immunity, the district court should generally stay discovery until the immunity issue is resolved. *Workman,* 958 F.2d at 336.

Accordingly, to preserve the protections of the qualified immunity defenses raised by the individual Defendants in this case and to minimize litigation costs, discovery in this matter will be stayed subject to any subsequent ruling on Plaintiff's request for limited discovery made in his Response to Defendants' Motion for Summary Judgment (Doc. 68), and pending disposition of the Motion for Summary Judgment (Doc. 64).

IT IS THEREFORE ORDERED that Defendants' Motion to Stay (Doc. 66) is GRANTED, and discovery in this case is STAYED subject to further Order of the Court on Plaintiff's request for limited discovery under Federal Rule of Civil Procedure 56(d) and while Defendants' Motion for Summary Judgment (Doc. 64) remains pending.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE