IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

      **Plaintiff,**

    v.                            Civ. No. 21-250 KG/JFR

**SARITA NAIR, TIM KELLER,
AND CITY OF ALBUQUERQUE,**

      **Defendants.**

### ORDER GRANTING MAYOR TIM KELLER'S AMENDED OPPOSED MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on Mayor Tim Keller's Amended *Motion to Quash Subpoena and Motion for Protective Order* ("Motion"), filed July 12, 2024. Doc. 97. Plaintiff responded in opposition on July 26, 2024, and Defendant replied on August 9, 2024. Docs. 100, 103. The Motion is ripe for decision. Being familiar with the pleadings and otherwise sufficiently advised in the premises, and with the benefit of a hearing,[1] the Court finds that the Motion is well-taken. Therefore, it is **GRANTED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated the instant lawsuit on March 11, 2021, alleging violations of the First Amendment by Defendant Sarita Nair, and municipal and supervisory liability by Defendants Keller and the City of Albuquerque. Doc. 1-2 at 1, 5-7. The facts giving rise to Plaintiff's lawsuit here stem from an Inspection of Public Records Act (IPRA) lawsuit Plaintiff initiated against the City of Albuquerque in state court and the City's counterclaim that followed.

---

[1] Liberty Court Recorder: ABQ-Pecos_20240830_090139.

Deeming the City's state-court counterclaim and discovery requests "harassing" and "frivolous," Plaintiff Dear initiated the present lawsuit.

On June 29, 2023, Defendants filed a *Motion for Summary Judgment Based in Part on Qualified Immunity*.  Doc. 64.  On March 8, 2024, District Judge Kenneth Gonzales entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion.  Doc. 80.  Specifically, Judge Gonzales concluded that Defendant Nair is not entitled to qualified immunity, but that Plaintiff could not establish that Defendants Keller and the City of Albuquerque are liable for Defendant Nair's conduct.  *Id.* at 4-5.  Defendants Keller and the City of Albuquerque, therefore, are no longer parties to this case and what remains is Plaintiff's First Amendment claim against Defendant Nair.[2]

On July 17, 2024, Plaintiff issued a Subpoena to Testify at Deposition in a Civil Action to Mayor Tim Keller.  Doc. 97-2.  Mayor Keller, in turn, filed the Motion now before the Court.

## II. ANALYSIS

### A. Arguments

In his Motion, Mayor Keller argues that he has already provided the full extent of his knowledge in this matter by way of a sworn declaration and previous deposition testimony.  Doc. 97 at 3.  Mayor Keller argues, therefore, that Plaintiff's deposition subpoena "seeks information already in his possession" and is meant to annoy and harass him.  Doc. 97 at 3.  By way of background and relevant to Mayor Keller's Motion, Mayor Keller explains that attached to the summary judgment motion ruled on by Judge Gonzales is his sworn declaration "indicating that he does not oversee litigation brought against the City of Albuquerque, was not consulted about any litigation involving the Plaintiff, and did not direct anyone to file a

---

[2] On August 23, 2024, Defendant Nair filed a *Renewed Motion for Summary Judgment*.  Doc. 106.

counterclaim against Plaintiff in *Dear v. City of Albuquerque, et al.* D-202-CV-2020-04023." *Id.* at 2. Mayor Keller explains that Plaintiff already challenged the veracity of his declaration arguing to Judge Gonzales that the declaration was made in bad faith and was inconsistent with Mayor Keller's recent deposition testimony in a separate, state court case[3] thereby requiring the summary judgment motion be stricken and/or that Plaintiff be allowed to take Mayor Keller's deposition testimony. *Id.* Mayor Keller explains that Judge Gonzales disagreed and found that Mayor Keller's declaration was neither prepared in bad faith nor inconsistent with his recent deposition testimony as Plaintiff alleged. *Id.* at 2-3. Judge Gonzales, therefore, denied both Plaintiff's motion to strike and Plaintiff's Rule 56(d) motion seeking Mayor Keller's deposition testimony,[4] and ultimately granted summary judgment in Mayor Keller's favor. *Id.* at 3. With this background and Judge Gonzales's findings in mind, Mayor Keller argues that he has no additional information to provide that he has not already provided in his written declaration and

---

[3] *Geier v. City of Albuquerque*, D-202-CV-2022-01965. Doc. 97 at 2.

[4] Plaintiff also argued that Mayor Keller's declaration was inconsistent with sworn testimony provided by Mr. Geier regarding the pattern and practice of Mayor Keller's involvement and sign off of litigation involving APD. Doc. 80 at 16-18. Judge Gonzales found that Plaintiff's characterization of Mr. Geier's affidavit was not accurate. *Id.* Judge Gonzales explained as follows:

> Mr. Geier's affidavit includes only one ambiguous sentence about Mayor Keller stating: "It is also inconsistent with my understanding of the communications and involvement of Mayor Keller with affairs of APD including litigation via Ms. Nair." (Doc. 68-2) at ¶ 4. In the context of the previous sentence, Mr. Geier appears to be stating that "Any statement that Sarita Nair is not directing the litigation involving and against Mr. Dear . . . is also inconsistent with [his] understanding of the communications and involvement of Mayor Keller with affairs of APD including litigation via Ms. Nair." *See id.* Read this way, the statement appears to undermine Mr. Dunn's characterization of Mr. Geier's statement. If Mr. Geier intended to state something different, it is not clear to this Court. Moreover, even if the Court were to adopt Mr. Dunn's reading, nothing in Mr. Geier's affidavit states – much less implies – that Mayor Keller "signed off" on the counterclaim against Mr. Dear. *See* (Doc. 68-3). Mr. Geier's affidavit appears to be specifically limited to APD litigation, not IPRA litigation. Thus, the Court concludes that Mr. Dunn's Affidavit does not satisfy the Rule 56(d) factors that warrant additional discovery before ruling on Defendants' Motion.

*Id.*

previous deposition testimony and there is good cause to enter a protective order shielding him from further harassment and annoyance in this matter. *Id.* at 5.

In his Response, Plaintiff contends that Mayor Keller has relevant and discoverable "knowledge of the authorizations he had bestowed upon [Ms.] Nair with regard to the litigation at issue in this litigation and his substantial involvement in APD litigation (as detailed by former Chief Geier)." Doc. 100 at 4. Plaintiff relies again on Mr. Geier's affidavit, submitted with Plaintiff's response to Defendants' motion for summary judgment, which states, *inter alia*:

> Any statement that [Defendant] Nair was not directing the litigation involving and against [Plaintiff] ([Defendant] Nair is a lawyer herself), is inconsistent with my recollection and is certainly inconsistent with her pattern and practice of directing the actions of APD and City Legal with regard to litigation involving APD. It is also inconsistent with my understanding of the communications and involvement of [Defendant] Keller with affairs of APD including litigation via [Defendant] Nair.

*Id.* at 1-2. Based on this affidavit, Plaintiff contends that Mayor Keller "was involved heavily in decision making regarding litigation involving [APD] (such as this case and its underlying case giving rise to this litigation) . . . and [Mayor] Keller was the immediate supervisor of remaining Defendant . . . Nair." *Id.* at 1. Plaintiff further argues that Mayor Keller is seeking preferential treatment, that he is "not above the law as mayor," and that "[i]t is not the place of this Court to insulate political figures from accountability and transparency associated to actions taken that are alleged to have violated the citizen's civil rights." *Id.* at 4.

In his Reply, Mayor Keller argues that Plaintiff's Response provides no substantive argument to dispute the sufficiency of Mayor Keller's signed declaration regarding the information he seeks. Doc. 103 at 2. Mayor Keller further argues that Mr. Geier's affidavit fails to support that Mayor Keller has specific knowledge of Plaintiff's litigation with the City. *Id.* at 3. Finally, Mayor Keller replies that, to the extent Plaintiff argues that Mayor Keller is seeking

preferential treatment based on his status as the mayor, he is protected from sitting for a deposition by the "apex doctrine."[5]  Doc. 103 at 3-4.

### B. Legal Standards

Rule 45 governs subpoenas issued to non-parties.  Fed. R. Civ. P. 45.  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  "A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."  *Alsaadi v. Saulsbury Inuds.*, No. 23-CV-291, 2024 WL 2839271, at *2 (D.N.M. May 23, 2024) (internal quotation marks and citation omitted).  For good cause shown, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "One seeking to quash a subpoena carries the burden to show undue burden.  Pursuant to Fed. R. Civ. P. 26(c), a party seeking a protective order also has the burden to show good cause for it."  *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).  "Where a protective order would quash a deposition in its entirety, the moving party must show extraordinary circumstances that present a particular and compelling need for such relief."  *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

Rule 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  "While overbreadth and irrelevance are not contained with Rule 45's list of enumerated reasons for quashing a subpoena,

---

[5] Having found good cause demonstrating undue burden to quash Plaintiff's deposition subpoena and enter a protective order, the Court does not reach this argument.

it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *Alsaadi*, 20204 WL 2839271, at *2.

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Klesch & Co. Ltd.*, 217 F.R.D. at 524 (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, L.L.C.*, 209 F.R.D. 208, 211 (D. Kan. 2002)). "An objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.*

### C.  Mayor Keller Has Shown Good Cause Demonstrating Undue Burden

The Court finds that Mayor Keller has provided good cause demonstrating undue burden to support quashing Plaintiff's subpoena and entering a protective order to shield him from Plaintiff's request. Here, Plaintiff argues that Mayor Keller's "substantial involvement" in APD litigation is relevant and discoverable, and that Mr. Geier's affidavit demonstrates that Mayor Keller was "involved heavily in decision making regarding litigation involving Albuquerque Police Department." Plaintiff also argues that Mayor Keller's "knowledge of the authorizations he had bestowed upon [Ms.] Nair" as her immediate supervisor is relevant and discoverable. The Court is not persuaded as to either contention.

To begin, the Court finds Plaintiff's reasserted reliance on Mr. Geier's affidavit is misplaced (if not disingenuous) in light of Judge Gonzales's Memorandum Opinion and Order. There, Judge Gonzales squarely addressed and rejected Plaintiff's characterization of Mr. Geier's affidavit as evidence of inconsistency with Mayor Keller's declaration regarding his knowledge of or involvement in the counterclaims at issue in this case or that Mayor Keller signed off on any litigation against Plaintiff. To the contrary, Judge Gonzales found that Mayor Keller's

declaration was prepared in good faith and that related deposition testimony further supported that Mayor Keller does not know anything about the counterclaims at issue in this case and did not approve of or direct anyone, including Ms. Nair, to file the counterclaims at issue in this case. The Court, therefore, agrees that Plaintiff is already in possession of the information he seeks regarding Mayor Keller's alleged knowledge of and involvement in the City's litigation broadly and the counterclaims specifically at issue here.

Next, as Judge Gonzales noted, this case is based on the City's state-court counterclaims and its alleged harassing and frivolous discovery related to Plaintiff's IPRA requests. Additionally, Plaintiff's only remaining claim is against Defendant Nair, who Plaintiff alleges acted "individually under color of law" and "caused a counterclaim to be filed without probable cause . . . for the stated purpose of retaliation against Plaintiff," and did so "for the purpose to delay or avoid the production of public documents."[6] Doc. 1-2 at 5. Against this backdrop, Plaintiff has failed to demonstrate the relevance of Mayor Keller's alleged knowledge of and involvement in "APD litigation" at large to the facts of this case and Plaintiff's remaining claim against Defendant Nair or to justify taking Mayor Keller's deposition on this basis. Moreover, the Court is persuaded by Judge Gonzales's observation that Mr. Geier's affidavit *does not* stand for the fact that Mayor Keller has a "pattern and practice" of being involved in and "signing off" on litigation involving APD. Doc. 80 at 17.

In sum, the Court will not undermine Judge Gonzales's findings and rejects Plaintiff's reliance on Mr. Geier's affidavit here as a basis for seeking Mayor Keller's deposition for the purpose of challenging his declaration testimony. The Court also finds that the information

---

[6] Judge Gonzales stated in his *Memorandum Opinion and Order* that "[h]ere, there is no question that Ms. Nair approved legal counsel's request to file a counterclaim against Mr. Dear based on his IPRA lawsuit." Doc. 80 at 11.

Plaintiff seeks regarding Mayor Keller's alleged knowledge of and involvement in "APD litigation" at large is not relevant to the issues that remain in this case.

The Court, therefore, finds that Mayor Keller has provided good cause and carried his burden to show undue burden if his deposition were to proceed. As such, the Court will quash Plaintiff's subpoena and enter a protective order shielding Mayor Keller from Plaintiff's request.

### III. CONCLUSION

For the foregoing reasons, Mayor Keller's Motion is well taken and is **GRANTED.**

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge