IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY DEAR,

    Plaintiff,

vs.                                          Case No. 21-cv-00250-KG-JFR

SARITA NAIR, TIM KELLER,
and CITY OF ALBUQUERQUE,

    Defendants.

## PRETRIAL ORDER

The Parties submit the following Pre-trial Order.

## I. APPEARANCES

Attorneys who will try this action:

    For Plaintiffs                    A. Blair Dunn/Jared R. Vander Dussen

    For Defendant(s)               Mark T. Baker and Abigail L. Pace

    For other parties                Not Applicable

## II. JURISDICTION AND RELIEF SOUGHT

**A.    Subject Matter Jurisdiction.**

    **1.    Was this action removed or transferred from another forum?** Yes.

If yes, was the action removed or transferred?

    Removed.

    **2.    Is subject matter jurisdiction of this Court contested?**

    Uncontested.

    **3.    Asserted basis for jurisdiction.**

Federal Question.

Statutory Provision(s) Invoked:    28 U.S.C. § 1331.

**B.    Personal Jurisdiction and Venue.**

  **1.    Is personal jurisdiction contested?**

  __X__ Uncontested    _____ Contested

  Identify the party contesting personal jurisdiction and basis for objection:

  _____

  **2.    Is venue contested?**

  __X__ Uncontested    _____ Contested    _____ Party Contesting

  Identify the party contesting personal jurisdiction and basis for objection:

  _____

**C.    Are the proper parties before the Court?**

  __X__ Uncontested    _____ Contested

  If contested, identify each missing party or improper party and the basis for contention:

  _____

**D.    Identify the affirmative relief sought in this action.**

  1.    Plaintiffs seeks:    An award of Damages and Attorney's Fees.

  2.    Defendant seeks:    Judgment in her favor and all other relief the Court deems just and proper.

  3.    Other party seeks:    N/A

### III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.    Plaintiff's claims:**

Defendant Nair in response to the filing of a lawful IPRA action caused a frivolous, retaliatory counterclaim to filed as part of a directed plan to use the judicial system to deny Plaintiff his First Amendment right to petition his government for redress.

B.  **Defendant's defenses:**

Defendant Nair generally denies Plaintiff's contentions. Ms. Nair did not retaliate against Jeremy Dear. Ms. Nair's lawful actions were proper in the exercise of her administrative role as Chief Administrative Officer for the City of Albuquerque. The counterclaim at issue was proposed, drafted, and filed by in-house counsel and outside litigation counsel who had day-to-day responsibility to supervise the litigation and provide Ms. Nair informed recommendations. Ms. Nair's limited involvement in the issue here—approval of the City filing a counterclaim—amounted only to accept one such recommendation. Furthermore, Ms. Nair's limited involvement in the litigation was not intended to—and did not in fact—prevent Mr. Dear from exercising his First Amendment rights. Furthermore, Mr. Dear suffered no compensable damage here and therefore is limited to nominal damages.

*(A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.)*

Ms. Nair reserves her qualified immunity arguments to potentially be revisited at trial and/or if an appeal were necessary in the case following trial. Those arguments are briefed at Doc. 118 and 114, as well as in prior briefing before the Court, and Ms. Nair incorporates that prior briefing on qualified immunity herein. In summary form, Ms. Nair has requested that the Court to grant her qualified immunity because she relied on the advice of counsel. Public officials may be entitled to qualified immunity from suit under Section 1983 based on their reliance on the advice of counsel. (Doc. 80 at 8-9.) The Tenth Circuit instructs courts to consider four factors in resolving the issue: (1) "how unequivocal, and specifically tailored to the particular facts giving rise to the controversy the advice was," (2) "whether complete information had been provided to the advising attorney(s)," (3) "the prominence and competence of the attorney(s)," and (4) "how soon after the advice was received the disputed action was taken." *Id*. at 8-9 (*quoting V-1 Oil Co. v. State of Wyo. Dep't of Env't Quality*, 902 F.2d 1482, 1489 (10th Cir. 1990). Those factors are satisfied in this case.

C.  **Claims or defenses of other party:**

   *(Where counterclaims or cross-claims exist, also give brief description.)*

N/A

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.  **Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

3

1. The counterclaim for malicious abuse of process was filed in the Second Judicial District Court in case no. D-202-CV-2020-04203 on August 5, 2020, and was dismissed by the Court on April 29, 2021.

**B.    Contested Material Facts.**

    1.    Plaintiff's Contentions:

a.    Michael Geir was present for meetings and communications that involved the litigation between Mr. Dear and APD, including the discussion regarding initiating claims against Mr. Dear.

b.    On more than one occasion Ms. Nair and Michael Geir had conversations regarding Mr. Dear and the pending actions surrounding Mr. Dear.

c.    Any statement that Sarita Nair was not directing the litigation involving and against Mr. Dear and was merely accepting reccomendations, is inconsistent with Michael Geier' recollection and is inconsistent with her pattern and practice of directing the actions of APD and City Legal with regard to litigation involving APD.

d.    In litigation involving various legal matters including but not limited to EEOC Complaints and the consent decree involving the Albuquerque Police Department, Ms. Nair would insert herself into a decision-making role regarding the litigation.

e.    Ms. Nair would often give her opinion and advice to the city attorney, of which such advice would be adopted and applied to the various legal matters, including the various Dear lawsuits.

f.    Ms. Nair was highly involved in much of the litigation involving the City of Albuquerque, and the Albuquerque Police Department, including serving on the Claims Review Board where Ms. Nair was the chairperson. Mr. Dear's termination litigation was

considered and acted upon at Ms. Nair's direction though a pull-out meeting specific to that case with the City Attorney outside of the Claims Review Board meeting.

g.      Ms. Nair was fully aware of who Mr. Dear was and was involved in multiple decisions regarding his termination litigation well before she endorsed the later action to initiate the counterclaims against Mr. Dear. She and Michael Geier spoke of him on more than one occasion prior of his initiation of the IPRA litigation regarding the termination lawsuit. .

2.      Defendant's Contentions:

a.      All factual issues implicit in the one remaining claim in the case.

b.      Ms. Nair denies that she took any action to retaliate against Jeremy Dear for the exercise of his First Amendment rights.

c.      Attorneys defending the City in one of Plaintiff's state court lawsuits recommended to Ms. Nair that she approve the City filing a counterclaim against him.

d.      Ms. Nair was not responsible for determining how to handle the lawsuit where the counterclaim was filed, never has been a litigator, and approved the counterclaim because she was informed it was supported by the law and the facts, and was the appropriate legal action for the City to take next in that case. Ms. Nair was not involved in the factual and legal details of Mr. Dear's IPRA litigation against the City. She did not review or approve the form or contents of the counterclaim. She did not review or approve the contents or form of any discovery served on the Plaintiff.

e.      There is no evidence that Ms. Nair took any action related to Mr. Dear other than approving the recommendation to file the counterclaim.

3.      Contentions of Other Party: **N/A**

## V.  APPLICABLE LAW

A. **Do the parties agree which law controls the action?**

Yes.

**If yes, identify the applicable law:**

42 U.S.C. § 1983; U.S. Const. amend. I.

## VI. CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1. Plaintiff: None.

2. Defendant: those implicit in the foregoing contested issues of fact and implicit in all motions pending before the Court.

3. Other Party: N/A

## VII. MOTIONS

A. **Pending Motions (indicate the date filed):**

1. Plaintiff: None

2. Defendant: Motion in Limine

3. Other Party: N/A

B. **Motions which may be filed:**

1. Plaintiff: None are anticipated at this juncture.

2. Defendant: Reserves the right to file additional jury instructions.

3. Other Party: N/A

Briefing must be complete and filed with the Court by .

## VIII. DISCOVERY

A. **Has discovery been completed?**    Yes

6

       If no, discovery terminates on _____.

**B.**      **Are there any discovery matters of which the Court should be aware?**  No.

**IX. ANTICIPATED WITNESSES**

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.**      **Plaintiff's Witnesses:**

Plaintiff will call or have available at trial the following witnesses:

1. Plaintiff will call or have available at trial the following witnesses.

    a.      Jeremy Dear
    c/o A. Blair Dunn, Esq.
    WARBA, LLP
    400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    505-750-3060

    Mr. Dear is expected to testify regarding the allegations in his complaint and knowledge.

    b.      Micheal Geier
    c/o Thomas Grover
    9400 Holly Avenue NE Building 4
    Albuquerque, NM 87104
    505-695-2050

    Mr. Geier is expected to testify regarding his personal knowledge of Defendant Nair's involvement in the litigation against Mr. Dear consistent with his prior affidavit testimony in this matter.

    c.      Sarita Nair
    c/o Mark Baker
    Peifer, Hanson, Mullins & Baker, P.A.
    Post Office Box 25245
    Albuquerque, New Mexico 87125
    Tel: (505) 247-4800

                Ms. Nair is expected to testify regarding her personal involvement in the litigation taken Mr. Dear by the City of Albuquerque.

2. Other Witnesses

    a. Rebuttal witnesses whose testimony cannot be anticipated.
    b. Any other witnesses by any other party to this litigation.
    c. Any witnesses identified in discovery and disclosures.

**B.     Defendant's Witnesses:**

1. Defendant may call or have available at trial the following witnesses:

2. Defendant may call the following witnesses:

    a. Sarita Nair
       c/o Peifer, Hanson, Mullins & Baker, P.A.
       Post Office Box 25245
       Albuquerque, New Mexico 87125
       Tel: (505) 247-4800

    b. Samantha Hults
       Rodey, Dickason, Sloan, Akin & Robb, P.A.
       201 3rd Street NW #2200
       Albuquerque, NM 87102
       Tel: (505) 766-7519

    c. Jeremy Dear
       c/o A. Blair Dunn, Esq.
       WARBA, LLP
       400 Gold Ave SW, Suite 1000
       Albuquerque, NM 87102
       Tel: 505-750-3060

    d. A records custodian for the City of Albuquerque
    e. Witnesses identified by Plaintiff and not objected to by Ms. Nair.
    f. Any witnesses identified in discovery and disclosures.

## X.  TRIAL PREPARATION

**A.     Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than **10** calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **5** calendar days before trial. Each party's contested exhibit list must be filed on the date identified in the preceding paragraph. All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties by November 21, 2024. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing by December 5, 2024.

**C.     Voir Dire.**

    1.     If allowed, do the parties wish to participate in voir dire?

        Plaintiff           Yes

        Defendant       Yes

Other Party        N/A

2. Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions. This request must be filed by close of business January 13, 2025.

**D.    Jury Instructions and Verdict.**

1. **In General.**  The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Court's web site. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

2. **Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

3. **Submission of Proposed Instructions.**  The parties have submitted proposed jury instructions.

4. **Form of Instructions.**

   a. Submit sets of double-spaced instructions as follows:

   **1** set(s) of originals without citations and headed "Instruction No. **1**"; and

   **1** set(s) with citations and numbered accordingly, one of which will be filed.

        b.      If requested, also submit all instructions in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

        c.      Submit no more than one instruction to a page.

        d.      All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

        e.      Submit a cover sheet on all sets of instructions.

**5.    Deadlines for Submitting Instructions**.

        a.      Instructions shall be filed **by close of business November 21, 2024.**

        b.      Supplemental unanticipated jury instructions may be submitted at trial.

**E.    Statement of Case.**

The parties have submitted competing proposed statements of the case to the Court. After considering the parties' competing proposed statements, the Court will read Defendant's statement of the case to the jury panel during jury selection because it concisely summarizes the issues and does not include argument.

**F.    Submission for Bench Trials.**

1.    The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than _____ calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

2. If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

## XI. OTHER MATTERS

**A.   Settlement Possibilities.**

1. The possibility of settlement in this case is considered:

   **X**  Poor   _____ Fair   _____ Good   _____ Excellent   _____

2. Do the parties have a settlement conference set with the assigned Magistrate Judge?

   **X**  Yes  _____ No   If yes, when? Judge Khalsa conducted two conferences in the spring of 2024.

   Would a follow-up settlement conference be beneficial?   \_\_\_\_\_ Yes   **X**  No

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

   If yes, please identify: _____

   If no, explain why not: **the parties have attempted mediation twice before the Hon. Judge Khalsa.**

**B.   Length of Trial and Trial Setting.**

1. This action is a   _____ Bench Trial   **X**  Jury Trial   _____ Both

2. The case is set for trial the week of **January 27-31, 2024**. If there is no setting, the parties estimate they will be ready for trial by _____.

3. The estimated length of trial is **3** day(s).

## XII. EXCEPTIONS

None.

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
WARBA, LLP
abdunn@ablairdunn-esq.com
400 Gold St. SW, Suite 1000
Albuquerque, NM 87102
(505)750-3060; Fax (505)226-8500
***Attorney for Plaintiff***

PEIFER, HANSON, MULLINS & BAKER, P.A.

*/s/ Mark T. Baker*
Mark T. Baker
Abigail L. Pace
20 First Plaza, Suite 725
Albuquerque, NM 87102
(505) 247-4800
mbaker@peiferlaw.com
apace@peiferlaw.com
***Attorneys for Defendant Sarita Nair***

**Dated: January 10, 2025**

**UNITED STATES CHIEF DISTRICT JUDGE**